CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAR 21 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| FRANK ROY PARKER, | CASE NO. 4:11CV00030 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's February 4, 2008 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on April 26, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, December 21, 2006, and that he met the insured status requirements under the Act through September 30, 2009[1]. (R. 12.) The Law Judge determined that plaintiff's

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, September 30, 2009. See 20 C.F.R. § 404.131(a).

discogenic/degenerative disk disorder and peripheral neuropathy were severe impairments, but that he did not have an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 12-13.) The Law Judge found that plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms, but that his statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's determination of plaintiff's residual functional capacity ("RFC"). (R. 14.) The Law Judge further found that plaintiff possessed the RFC to perform light work[2], except that he should only occasionally climb, stoop, kneel, crouch, or crawl. (*Id.*) The Law Judge determined that this RFC precluded plaintiff from performing his past relevant work as a forklift operator, press operator, and seamless gutter mechanic and installer. (R. 16.) Even so, the Law Judge found that other jobs existed in substantial numbers in the national economy that he could perform. (*Id.*) Ultimately, the Law Judge found plaintiff was not disabled under the Act. (R. 17.)

Plaintiff appealed the Law Judge's April 26, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The

---

[2] Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

2

regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff has filed a *pro se* brief which the undersigned will construe as a motion for summary judgment and brief in support thereof. (Dkt. No. 18.) While plaintiff makes numerous assertions, it is difficult to discern his precise legal arguments. Thus, the undersigned has performed a full review of the record and will assess whether the Law Judge's decision is supported by substantial evidence at each step in the sequential evaluation.

At step one in the sequential evaluation, the Law Judge found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, December 21, 2006. (R. 12.) The Law Judge determined that plaintiff's discogenic/degenerative disk disorder and peripheral neuropathy were severe at step two in the sequential evaluation.[3] (*Id.*) The Law Judge's findings at these two steps were favorable to the plaintiff and are not in dispute. Moreover, they are supported by substantial evidence.

At step three in the sequential evaluation, the Law Judge found that plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 13.) A claimant bears the burden of proving that his impairments, alone or in

---

[3] A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

3

combination, meet or equal a listed impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (noting the claimant has the burden of showing that he or she has a medically severe impairment or combination of impairments and that the Act requires him to furnish medical evidence regarding his condition). The undersigned concludes that the Law Judge's finding that plaintiff failed to meet his burden of establishing a listed impairment is supported by substantial evidence.

The Law Judge evaluated plaintiff's degenerative disc disease under Listing 1.04[4] and concluded that he did not meet its requirements. (R. 13-14.) The Law Judge noted that there was no evidence of nerve root compression accompanied by motor loss, sensory loss, reflex loss, or a positive straight leg raising test in both the sitting and supine positions. (R. 13.) He further

---

[4] Listing 1.04, Disorders of the Spine, provides:

1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or

B. Spinal arachnoiditis, confirmed by an operative or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysthesia, resulting in the need for changes in position or posture more than once every two hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication established by findings on appropriate medially acceptable imaging, manifested by chronic nonradicular pain and weakness and resulting in inability to ambulate effectively as defined in 1.00B2b.

4

Case 4:11-cv-00030-JLK-BWC   Document 22   Filed 03/21/12   Page 4 of 7   Pageid#: 427

noted that there was no spinal arachnoiditis or stenosis. (*Id.*) Thus, the Law Judge's finding that plaintiff did not meet Listing 1.04 is supported by substantial evidence.

Law Judge further found that plaintiff possessed the RFC to perform light work, except that he should only occasionally climb, stoop, kneel, crouch, or crawl. (R. 14.) This finding is supported by the opinions offered by consultative examiner Mark Stowe, M.D., a physician with the Virginia Department of Rehabilitative Services. (R. 319-322.) Dr. Stowe examined plaintiff on March 5, 2009, and he noted that plaintiff had been diagnosed with small cervical degenerative disc disease and peripheral neuropathy. (R. 321.) The physician did not believe that plaintiff's picture and exam supported his historical allegations and was "concerned" about plaintiff's credibility. (R. 321-322.) In assessing plaintiff's functional capacity, Dr. Stowe noted that plaintiff did not require the use of any assistance devices and opined that plaintiff could be expected to stand or walk for four hours with normal breaks; sit for eight hours with normal breaks; and lift and carry twenty pounds frequently. (R. 322.) Dr. Stowe believed plaintiff could bend, stoop, and crouch frequently and could reach, handle, finger, feel and grasp frequently. (*Id.*)

The Law Judge's RFC finding is also supported by the opinions offered by the State agency record reviewing physicians. Michael Hartman, M.D., evaluated plaintiff's medical records on September 16, 2008 and completed a physical assessment. (R. 268-273.) Dr. Hartman noted plaintiff had been diagnosed with a herniated disc. (R. 268.) The physician opined that plaintiff could lift and/or carry (including upward pulling) twenty pounds occasionally and ten pounds frequently. (R. 269.) He further opined that plaintiff could stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday and

could sit (with normal breaks) for a total of about six hours in an eight-hour workday. (*Id.*) Plaintiff's ability to push and/or pull (including the operation of hand/foot controls) was unlimited, other than the limitations on his ability to lift and/or carry. (*Id.*) Dr. Hartman believed plaintiff could frequently balance and occasionally stoop, kneel, crouch, crawl or climb ramps, stairs, ladders, ropes or scaffolds. (R. 270.) The physician concluded that plaintiff had no manipulative, visual, communicative, or environmental limitations. (R. 270-271.) In sum, Dr. Hartman concluded that plaintiff maintained the physical capacity to perform a range of light exertional work.

A second State agency record reviewing physician, Richard Surrusco, M.D., also concluded that plaintiff could perform a range of light exertional work. (R. 323-329.) Thus, the undersigned concludes that the Law Judge's finding that plaintiff was able to perform light exertional work, except that he should only occasionally climb, stoop, kneel, crouch, or crawl, is supported by substantial evidence.

At step four, the Law Judge concluded that plaintiff's RFC precluded him from performing his past relevant work as a forklift operator, press operator, and seamless gutter mechanic and installer. (R. 16.) The Law Judge's finding at this step was favorable to the plaintiff. Moreover, this finding is supported by substantial evidence.

At the final step in the sequential evaluation, the Law Judge found that there were other jobs available in the national economy that plaintiff could perform. (*Id.*) Based on evidence provided by a vocational expert ("VE") at the hearing, the Law Judge found that jobs were available as an amusement attendant, cashier, and production inspector. (R. 17, 48.) The undersigned is of the view that the testimony of the VE accounted for all relevant evidence, and

6

Case 4:11-cv-00030-JLK-BWC  Document 22  Filed 03/21/12  Page 6 of 7  Pageid#: 429

that the Law Judge's decision to accept the testimony of the VE is supported by substantial evidence.

Having determined that the Law Judge's findings at each step of the sequential evaluation are supported by substantial evidence, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: _____
U.S. Magistrate Judge

3/21/12
Date

7

Case 4:11-cv-00030-JLK-BWC   Document 22   Filed 03/21/12   Page 7 of 7   Pageid#: 430