IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| FRANK ROY PARKER, | Case No. 4:11cv00030 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| | By: Jackson L. Kiser |
| Defendant. | Senior United District Judge |

Before me is the Report and Recommendation of the United States Magistrate Judge, recommending that the Defendant's Motion for Summary Judgment be granted and the Commissioner's final decision be affirmed. Plaintiff has filed timely objections to the Magistrate's Report and Recommendation. I have reviewed the Magistrate Judge's recommendation, Plaintiff's objections, and the relevant portions of the record. The matter is now ripe for decision. For the reasons stated below, I will **ADOPT** the Magistrate's Report and Recommendation and **GRANT** the Defendant's Motion for Summary Judgment. I **AFFIRM** the Commissioner's final decision and **DISMISS** this case from the docket of this Court.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On February 4, 2008, Plaintiff Frank Roy Parker ("Plaintiff") filed concurrent applications for Social Security Disability benefits ("SSD") and Supplemental Security Income benefits ("SSI") pursuant to Title II and Title XVI of the Social Security Act respectively. *See* 42 U.S.C. §§ 401–433, 1381–1383f; (R. 10, 67, 69, 114, 121.) In his applications, Plaintiff alleged that he was disabled as of December 21, 2006. (R. 114, 121.) Plaintiff's initial application (R. 66–75) and Request for Reconsideration were denied (R. 78–82). Thereafter,

1

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 85–86.) On January 7, 2010, an ALJ held an administrative hearing to determine whether Plaintiff was under a disability within the meaning of the Social Security Act. (R. 22–54.) Plaintiff, represented by counsel, and Barry Heneley, Ed.D., a vocational expert, both appeared and testified. (*Id.*)

On April 26, 2010, the ALJ submitted his decision including findings of fact and conclusions of law. (R. 10–17.) The ALJ applied the five-step evaluation process as set forth in 20 CFR §§ 404.1520(a) and 416.920(a). The ALJ initially found that Plaintiff had not engaged in substantial gainful activity since December 21, 2006—his alleged disability onset date—and that he met the insured status requirements under the Social Security Act through September 30, 2009. (R. 12.) He proceeded to find that Plaintiff suffered from the following severe impairments: "discogenic/degenerative disk disorder and peripheral neuropathy." (R. 12–13.) The ALJ found that these impairments neither met nor medically equaled any of the impairments listed in 20 CFR Part 404, subpart P, appendix 1. (R. 13–14.) Based on the evidence, he determined that Plaintiff retained "the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) except that he should only occasionally climb, stoop, kneel, crouch, or crawl."[1] Although the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," he found that his "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible to the extent they were inconsistent with" the determination as to residual functional capacity. (R. 14–15.) The ALJ found Plaintiff unable to perform any of his past relevant work as a forklift operator, press operator, and seamless gutter mechanic. (R. 16.)

---

[1] The applicable regulations define light work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

Nevertheless, the ALJ, after considering Plaintiff's age, education, work experience, and residual functional capacity, found that jobs of which Plaintiff was capable existed in significant numbers in the national economy. (R. 16–17.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (R. 17.)

Subsequently, Plaintiff appealed the ALJ's decision to the Appeals Council by letter dated May 7, 2010. (R. 113.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the ALJ's decision as the final decision of the Commissioner. (R. 1–3). Plaintiff, proceeding *pro se*, instituted the present civil action in this Court on July 18, 2011. (Comp. [ECF No. 3].) Thereafter, I referred this matter to Magistrate Judge B. Waugh Crigler for consideration of Plaintiff's and Commissioner's dispositive motions. (Order, Nov. 29, 2011, [ECF No. 8].) On March 21, 2012, Judge Crigler issued his Report and Recommendations in which he concluded that this Court should grant the Commissioner's Motion for Summary Judgment, affirm the Commissioner's final decision, and dismiss this matter from the docket. (Rep. and Rec. [ECF No. 22].)

On March 27, 2012, Plaintiff filed a timely objection to the Report and Recommendations. (Pl.'s Obj. [ECF No. 24].) He does not appear to lodge any specific objection to the contents of Judge Crigler's Report and Recommendations. Initially, Plaintiff adduces various evidence that was not before the ALJ at the time of his decision such as "a new MRI 12/16/2011 [sic]" and "Fluoro [sic] guid [sic] spine injections in my neck, steroid injections." (*Id.*) The remainder of his objection largely restates the evidence and arguments that were before the ALJ and Judge Crigler. On April 13, 2012, the Commissioner timely filed his response to Plaintiff's objections, in which he rests on the argument and conclusions

3

contained in his Brief in Support of Summary Judgment and the ALJ's decision. (Def.'s Resp. to Pl.'s Obj. [ECF No. 25].)

## II. STANDARD OF REVIEW

The proper standard of review applicable to a determination by the Social Sceurity Commissioner is well-established. Congress has limited the judicial review that I may exercise over decisions of the Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *see also Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by

4

substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[2]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

An additional standard of review, however, applies to this Court's consideration of Judge Crigler's Report and Recommendation under Federal Rule of Civil Procedure 72(b) and the Federal Magistrate Act, 28 U.S.C. § 636 (2012). Rule 72(b) provides that "[t]he district judge . . . shall make a *de novo* determination . . . of any portion of the magistrate judge's disposition to which *specific* written objection has been made . . . ." FED. R. CIV. P. 72(b) (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(C). "Any part of the magistrate judge's disposition that has not been properly objected to is reviewed for, at most, clear error." *Veney v. Astrue*, 539 F. Supp. 2d 841, 844 (W.D. Va. 2008) (citations omitted). "General objections to a magistrate judge's report and recommendation, reiterating arguments already presented lack the specify required by Rule 72 and have the same effect as a failure to object." *Elliott v. Commissioner of Social Security*, No. 6:10cv00032, 2011 U.S. Dist. LEXIS 92673 at *6 (W.D. Va. Aug. 19, 2011) (citing *Veney*, 539 F. Supp. 2d at 845). Those portions of the magistrate judge's report and recommendation to which Plaintiff makes no objection should be upheld unless clearly erroneous or contrary to law. *Id.* (citing *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982)).

### III. DISCUSSION

Plaintiff has lodged no specific objection to Judge Crigler's Report and Recommendation. Plaintiff's objection consists partly of new evidence that was not before the ALJ at the time of his decision. The remainder of his objection appears to consist of a general

---

[2] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

5

objection and reiteration of the arguments and evidence presented to the ALJ. Because different legal standards apply to these different portions of Plaintiff's objection, I will consider them separately.

### A. Additional Evidence Cited in Plaintiff's Objection

As an initial matter, Plaintiff relies on medical evidence that was not before the ALJ at the time of his decision. In fact, much of this evidence did not exist at that time. Plaintiff submits that he had "a new MRI 12/16/2011[sic]. Findings not good [sic]." (Pl.'s Obj.) This testing occurred well after the ALJ submitted his decision on April 26, 2010. Plaintiff continues: "I have haed [sic] ir [sic] fluoro [sic] guid [sic] spine injections in my neck, steroid injections. Repeat two moor [sic] tims [sic]. If no results then look into surgery." (*Id.*) It is apparent that this treatment also has taken place since the ALJ issued his decision. Plaintiff further submits: "I also haed [sic] a CT Head/Brain scan 10/20/2011 at Carilion [sic] Clinic [sic] the left sied [sic] of my boddey [sic] went num [sic]. I haed [sic] EMG doun [sic] on 1/03/2012 [sic] I was diagnosed with small fiber neuropathy–primary, carpal tunnel syndrome, peripheral neuropathy, [and] cervical radiculopathy." Again, these diagnoses were made well after the ALJ's April 26, 2012, decision.

Plaintiff's reliance on this medical additional evidence cited in his objection is unavailing. This Court may not consider evidence that was not before the Commissioner. *Miller v. Barnhart*, 64 Fed. Appx. 858, 859 (4th Cir. 2003) (citing *Smith v. Chater*, 99 F.3d 635, 638 n.5 (4th Cir. 1996)). As a *pro se* litigant, however, Plaintiff is entitled to liberal construction of his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, I will construe Plaintiff's objection as arguing that I should remand the case to the Commissioner in light of the additional evidence pursuant to 42 U.S.C. § 405(g).

In determining whether new evidence demonstrates good cause for remanding a case to the Commissioner, I must consider the so-called *Borders* factors:

> A reviewing court may remand a case to the Commissioner on the basis of new evidence if four prerequisites are met: (1) the evidence must be relevant to determination of disability at the time the application(s) was first filed; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court.

*Miller*, 64 Fed. Appx. at 859–60 (citing *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985)). The new evidence cited by Plaintiff fails to satisfy these factors. First, all of the additional testing and diagnoses occurred well after the ALJ issued his decision on April 26, 2010. Plaintiff provides no indication that this evidence reflects his actual condition during the administrative process. *See Fricker v. Commissioner of Social Security*, No. 4:11cv00005, 2011 U.S. Dist. LEXIS 123261 at *8 (W.D. Va. Oct. 25, 2011); *Siler v. Astrue*, No. 7:08cv00197, 2009 U.S. Dist. LEXIS 56443 at *43 (W.D. Va. June 19, 2009). Accordingly, Plaintiff has not shown that the new evidence relates back to the time of filing of the application as required by the first *Borders* prong. Furthermore, Plaintiff has offered nothing to carry his burden of showing that the evidence would reasonably have changed the outcome of the ALJ's decision. He does not argue that the test results and diagnoses specifically address some concern of the ALJ as stated in his final decision. *See Fricker*, 2011 U.S. Dist. LEXIS 123261 at *9. Plaintiff does not state that these new results and diagnoses are accompanied by any additional restrictions on his activities. *See Miller*, 64 Fed. Appx. at 860. Accordingly, I find that Plaintiff has failed to show good cause to remand this case to the Commissioner for consideration of this evidence.

Plaintiff also appears to argue that the ALJ did not have the opportunity to consider

7

certain medical evidence that he properly submitted. In the initial part of his objection, he states: "I was seen at University of Virginia Health System Neurology Clinic in Charlottesville 02/02/10. These records were yoused [sic] in my case. I called U.V.A. Imaging for my MRI records to be sent to Carilion clinic in Roanoke V.A. [sic] 12/28/2011 for review by Dr. Simmonds . . . Thay [sic] never showed up." (Pl.'s Obj.) At the conclusion of the administrative hearing, the ALJ specifically held the record open to allow Plaintiff to submit the report prepared in reference to his scheduled visit to the University of Virginia's neurology clinic on February 2, 2010. (R. 49–50). Subsequently, by letter dated February 26, 2010, Plaintiff's counsel for the administrative proceedings below informed the ALJ that Plaintiff underwent "EMG and EEG testing" on February 2, 2010, and an MRI on February 18, 2010. (R. 351.) Plaintiff's counsel informed the ALJ that he did not have the results of any of the tests but would send them upon receipt. (R 351.) It appears that the report and results of the examination and testing conducted on February 2, 2010, became part of the administrative record. (R. 353–58.) The results of the MRI conducted on February 18, 2010, for reasons unclear, however, apparently did not. (Def.'s Br. in Supp. of Mot. for Sum. J. pg. 9 [ECF No. 21].) Moreover, Plaintiff did not submit the results to the Appeals Council. (R. 1–4.) Accordingly, such records constitute new evidence.

Plaintiff's reference to these records is likewise unpersuasive. Although such evidence may relate back to the time of filing of his application, and although Plaintiff may state good cause for failure to submit the evidence, he offers no explanation whatsoever of what the MRI records would show. Therefore, he has offered nothing to carry his burden of showing that the evidence would reasonably have changed the outcome of the ALJ's decision. Plaintiff, therefore, fails to satisfy the *Borders* factors. Accordingly, I find that Plaintiff has failed to show good cause to remand this case to the Commissioner, and I decline to do so.

B. <u>Plaintiff's General Objection and Reiteration of Evidence and Argument before the ALJ</u>

The remainder of Plaintiff's objection consists of little more than a general objection to Judge Crigler's findings and recommendation and a brief reiteration of the evidence and arguments made before the ALJ and Judge Crigler. (*See* Pl.'s Obj.) As stated above, general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney*, 539 F. Supp. 2d at 845. In such circumstances, the district court should uphold the magistrate judge's report and recommendations unless clearly erroneous or contrary to law. *Id.* As this Court recently explained in a similar case:

> The issues that Plaintiff raises in [his] general objection have already been addressed by Magistrate Judge Crigler when they were before him in Plaintiff's summary judgment brief. Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "make[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

*Id.* at 845–46 (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Therefore, having reviewed Judge Crigler's Report and Recommendation and the face of the record only for clear error, and finding none, I will overrule Plaintiff's objections and adopt Judge Crigler's Report and Recommendations in its entirety.

IV. **CONCLUSION**

For the reasons set forth above, I will **ADOPT** the Magistrate Judge's Report and Recommendation and **OVERRULE** Plaintiff's objections. Accordingly, I will **GRANT** the

9

Defendant's Motion for Summary Judgment and **AFFIRM** the Commissioner's final decision. This case shall be **DISMISSED** from the active docket of this Court.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 19th day of April, 2012.

s/Jackson L. Kiser  
SENIOR UNITED STATES DISTRICT JUDGE